IN THE SUPREME COURT OF NORTH CAROLINA

 2021-NCSC-166

 No. 40PA20

 Filed 17 December 2021

 STATE OF NORTH CAROLINA

 v.
 LEONARD PAUL SCHALOW

 On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision

 of the Court of Appeals, 269 N.C. App. 369 (2020), reversing an order entered on 7

 August 2018 by Judge W. Robert Bell, in Superior Court, Henderson County. Heard

 in the Supreme Court on 27 April 2021.

 Joshua H. Stein, Attorney General, by Joseph L. Hyde, Assistant Attorney
 General, for the State-appellant.

 Appellate Defender Glenn Gerding, by Daniel Shatz, Assistant Appellate
 Defender, for defendant-appellee.

 HUDSON, Justice.

¶1 Leonard Paul Schalow (defendant) was charged with fourteen counts of felony

 child abuse. He moved to dismiss the charges, arguing that the charges were barred

 by double jeopardy and amounted to vindictive prosecution, and that the State

 impermissibly failed to join the charges in an earlier prosecution. The trial court

 denied his motion, but the Court of Appeals allowed his petition for writ of certiorari

 and reversed the trial court’s denial of the motion to dismiss based on vindictive
 STATE V. SCHALOW

 2021-NCSC-166

 Opinion of the Court

 prosecution and failure to join. Before this Court, the State argued the Court of

 Appeals misapplied or unduly expanded settled caselaw in doing so. After careful

 review, we reverse the decision of the Court of Appeals.

 I. Facts and Procedural History

¶2 Defendant was married to Erin Henry Schalow in 1997. The couple moved to

 North Carolina in 2010. Ms. Schalow is a registered nurse who worked for eight

 months with a hospice service in Hendersonville. Defendant was not working during

 this time. The State’s evidence presented at trial tended to show that defendant

 engaged in many severe acts of domestic violence on an almost daily basis that

 resulted in multiple bodily injuries to his wife.1

¶3 In February 2014, defendant was arrested for multiple violent offenses against

 Ms. Schalow on a warrant finding probable cause for assault on a female, assault

 inflicting serious injury with a minor present, assault with a deadly weapon, assault

 by strangulation, and assault inflicting serious bodily injury. On 10 March 2014,

 defendant was indicted for attempted murder of Ms. Schalow in 14 CRS 50887. The

 indictment described the offense charged as “attempt first degree murder” for

 “unlawfully, willfully and feloniously . . . attempt[ing] to murder and kill Erin Henry

 Schalow.” The State dismissed other charges pending against defendant.

 1 The testimony presented at the second trial is recounted in State v. Schalow, 251

 N.C. App. 334 (2016) (Schalow I), disc. rev. improvidently allowed, 370 N.C. 525 (2018).
 STATE V. SCHALOW

 2021-NCSC-166

 Opinion of the Court

¶4 After the case came on for trial and the jury was impaneled in March 2015, the

 trial court noted the indictment failed to allege malice aforethought, a necessary

 element of attempted first-degree murder under the short-form indictment statute.

 N.C.G.S. § 15-144 (2019). Although defendant objected that the indictment

 sufficiently alleged attempted voluntary manslaughter and that a mistrial should not

 be declared because jeopardy had attached, the prosecutor asked the trial court to

 dismiss the charges so he could bring a new indictment. The trial court declared a

 mistrial and dismissed the case because the indictment was fatally defective and the

 trial court thus lacked jurisdiction.

¶5 On 18 May 2015, the State issued a new indictment against defendant in a new

 prosecution, 15 CRS 50922, for “attempt first degree murder.” Now, the body of the

 indictment stated that defendant “unlawfully, willfully and feloniously . . . with

 malice aforethought attempt[ed] to murder and kill Erin Henry Schalow by torture.”

 Defendant moved to dismiss 15 CRS 50922, arguing that the second prosecution for

 attempted first-degree murder was barred by double jeopardy because jeopardy had

 attached in the first prosecution for attempted voluntary manslaughter, a lesser

 offense. The trial court denied defendant’s motion. The Court of Appeals denied his

 pretrial petition for writ of certiorari. The matter came on for trial in November 2015

 and defendant was convicted by a jury of attempted first-degree murder and

 sentenced to imprisonment for 157 to 201 months.
 STATE V. SCHALOW

 2021-NCSC-166

 Opinion of the Court

¶6 Defendant appealed to the Court of Appeals. The Court of Appeals vacated the

 conviction and indictment, holding that defendant’s trial and conviction in 15 CRS

 50922 were barred by the prohibition against double jeopardy because jeopardy had

 attached. State v. Schalow, 251 N.C. App. 334, 354 (2016) (Schalow I), disc. rev.

 improvidently allowed, 370 N.C. 525 (2018) (per curiam).

¶7 The State obtained further indictments against defendant on 4 January 2017,

 this time for felony child abuse under N.C.G.S. § 14-318.4(a5). The State petitioned

 this Court for discretionary review of Schalow I the next day. This Court initially

 allowed discretionary review; however, we later held discretionary review in Schalow

 I was improvidently allowed. See State v. Schalow, 370 N.C. 525 (2018). On 19 March

 2018, after this Court ruled discretionary review was improvidently allowed,

 defendant was also indicted for three counts of assault with a deadly weapon with

 intent to kill inflicting serious injury, two counts of assault inflicting serious bodily

 injury, and one count of assault by strangulation. These charges were based on

 conduct that included acts of violence against his wife in 2014.

¶8 On 19 July 2018, defendant filed a pretrial motion to dismiss alleging, inter

 alia, that double jeopardy barred the indictments, that the State had failed to join all

 claims earlier, and that the prosecution was vindictive. Regarding the vindictive

 prosecution claim, defendant argued the State indicted him because of his successful

 appeal from the attempted murder judgment. On 9 January 2017, after the State
 STATE V. SCHALOW

 2021-NCSC-166

 Opinion of the Court

 petitioned this Court for discretionary review in Schalow I, Greg Newman, the

 District Attorney for Henderson County, who oversaw the prosecution of defendant,

 was quoted in the press as saying “If . . . the Supreme Court refuses to take up the

 case, then I have a plan in place to address that circumstance and will take additional

 action to see that [defendant] is held accountable for his actions. . . . I will do

 everything that I can to see that [defendant] remains in custody for as long as

 possible.” He further stated that “[d]omestic violence is unacceptable in any

 circumstance, but this case revealed an extreme case of brutality.” After a hearing,

 the trial court denied defendant’s pretrial motion to dismiss. Defendant filed a

 petition for writ of certiorari with the Court of Appeals seeking immediate review of

 the order, which that court allowed.

¶9 The Court of Appeals reversed the trial court’s denial of defendant’s motion to

 dismiss. State v. Schalow, 269 N.C. App. 369, 383 (2020) (Schalow II). It held the

 charges should have been dismissed because: (1) “[d]efendant is entitled to a

 presumption of prosecutorial vindictiveness” and “the State has failed to overcome

 the presumption”; and (2) “[d]efendant has made a showing that should have

 compelled a determination by the trial court that the prosecutor withheld the

 indictments here at issue in order to circumvent [N.C.G.S. § 15A-]926,” and

 “[d]efendant is entitled to dismissal of the new charges under [N.C.G.S. § 15A-

 ]926(c)(2), as well.” Id. at 377, 383. The Court of Appeals declined to reach the
 STATE V. SCHALOW

 2021-NCSC-166

 Opinion of the Court

 question of whether defendant’s motion to dismiss should have been granted on

 double-jeopardy grounds. Id. at 383.

¶ 10 This Court allowed the State’s petition for discretionary review. Schalow, 839

 S.E.2d 340 (2020) (order).

 II. Analysis

¶ 11 The State argues the Court of Appeals erred in reversing the trial court’s denial

 of defendant’s motion to dismiss because: (1) defendant was not subjected to

 vindictive prosecution; (2) defendant was not subjected to a joinder violation; and (3)

 prosecution was not barred by double jeopardy.2 For the reasons stated, we reverse

 the Court of Appeals and remand this case to that court to reconsider whether

 prosecution was barred by double jeopardy.

 A. Vindictive Prosecution

¶ 12 It is well established that “neither the double jeopardy provision nor the Equal

 Protection Clause imposes an absolute bar to a more severe sentence upon

 2 The State also argues the Court of Appeals in Schalow I erred in holding the second

 prosecution for attempted first-degree murder was barred by double jeopardy. That was not
 the basis for the trial court’s holding that defendant’s prosecution for assault was barred by
 double jeopardy and, although the Court of Appeals below recognized the holding of Schalow
 I, to which it was bound as law of the case, that issue was not before the trial court or the
 Court of Appeals and, accordingly, is not properly before us now. N.C. R. App. P. 10(a)(1).
 Moreover, the issue is barred by issue preclusion. See State v. Summers, 351 N.C. 620, 623
 (2000) (recognizing that once an issue is “decided in a court of record, neither of the parties
 shall be allowed to call it into question, and have it tried over again at any time thereafter,
 so long as the judgment or decree stands unreversed” (quoting King v. Grindstaff, 284 N.C.
 348, 355 (1973))). The Court of Appeals below declined to determine the separate argument
 made by defendant as to whether the present offenses are barred by double jeopardy.
 STATE V. SCHALOW

 2021-NCSC-166

 Opinion of the Court

reconviction”; however, “[d]ue process of law . . . requires that vindictiveness against

a defendant for having successfully attacked his first conviction must play no part in

the sentence he receives after a new trial.” North Carolina v. Pearce, 395 U.S. 711,

723, 725 (1969). In Pearce the defendant was convicted upon a charge of assault to

commit rape, and the trial judge sentenced him to imprisonment for a term of twelve

to fifteen years. Id. at 713. Several years later, his conviction was reversed by this

Court after the defendant filed a state post-conviction proceeding in which he

successfully argued that an involuntary confession had been unconstitutionally

admitted against him. Id. The defendant was later tried again and convicted of the

same offense. Id. The trial court sentenced him to an eight-year term which, when

combined with time previously served, amounted to a longer total sentence than that

originally imposed. Id. After that conviction and sentence were upheld by this Court,

the defendant challenged his sentence in federal court. A federal district court held

that the longer sentence imposed upon retrial was unconstitutional and thus void,

and the Fourth Circuit affirmed. Id. at 714. After granting certiorari, the United

States Supreme Court affirmed the judgment of the Fourth Circuit. Id. at 714, 726.

In so doing, the Court concluded that “whenever a judge imposes a more severe

sentence upon a defendant after a new trial, the reasons for his doing so must

affirmatively appear” in the record and “[t]hose reasons must be based upon objective

information concerning identifiable conduct on the part of the defendant occurring
 STATE V. SCHALOW

 2021-NCSC-166

 Opinion of the Court

 after the time of the original sentencing proceeding.” Id. at 726. Thus, in such

 circumstances, vindictiveness is presumed, and the trial court must affirmatively

 provide an objective basis for the increased sentence in the record. The rationale is

 that vindictiveness for the exercise of a constitutional right, or a defendant’s

 apprehension of that motivation in the trial court, penalizes the exercise of that right

 and “may unconstitutionally deter a defendant’s exercise of the right to appeal or

 collaterally attack his first conviction.” Id. at 725.

¶ 13 In Blackledge v. Perry, 417 U.S. 21 (1974) limited by Alabama v. Smith, 390

 U.S. 794, the United States Supreme Court, again in a case from North Carolina,

 expanded the presumption of vindictiveness to cases in which a prosecutor seeks

 conviction for a more serious charge with a significantly more severe penalty after a

 defendant successfully appeals and obtains a trial de novo. Id. at 28–29. In

 Blackledge, the defendant was convicted of misdemeanor assault in district court and

 sentenced to six months. Id. at 22. Exercising his right to a trial de novo, he filed

 notice of appeal to the Superior Court of North Carolina, after which the prosecutor

 indicted him for felony assault. Id. at 23. The indictment covered the same conduct

 for which the defendant had received the misdemeanor conviction. Id. The defendant

 entered a plea of guilty to the more serious offense and was sentenced to five to seven

 years. The Supreme Court held due process was violated because the indictment for

 a more serious offense carrying a significantly increased sentence was presumptively
 STATE V. SCHALOW

 2021-NCSC-166

 Opinion of the Court

 vindictive, meted out in retaliation for the defendant’s pursuing his statutory right

 to a trial de novo in the superior court. Id. at 28–29. The Court observed that, unlike

 Pearce, the vindictiveness was not exercised by “the judge or the jury, but the

 prosecution.” Id. at 27.

¶ 14 Subsequent decisions of the Supreme Court have declined to expand the rule

 in Pearce and Blackledge presuming vindictiveness beyond the circumstances in

 those cases. See, e.g., Alabama v. Smith, 490 U.S. 801 (1989) (presumption

 inapplicable to greater sentence imposed following a jury trial after a prior guilty

 plea); United States v. Goodwin, 457 U.S. 368, 382–84 (1982) (presumption not

 warranted when the defendant is indicted after refusing plea deal); see also Gilbert v.

 N.C. State Bar, 363 N.C. 70, 77–78 (2009).

¶ 15 North Carolina courts have also declined to expand the presumption of

 vindictiveness, instead applying it only when the facts match those in Pearce or

 Blackledge. Cf. State v. Bissette, 142 N.C. App. 669, 673 (2001) (applying Blackledge

 after finding similar factual scenario); State v. Phillips, 38 N.C. App. 377, 379 (1978)

 (same); State v. Mayes, 31 N.C. App. 694, 696–97 (1976) (same). After Pearce was

 decided, North Carolina enacted N.C.G.S. § 15A-1335, which provides that when a

 conviction or sentence has been set aside on direct review or through collateral attack,

 the trial court may not impose a more severe sentence for the same offense “or for a

 different offense based on the same conduct.” N.C.G.S. § 15A-1335 (2019). Thus,
 STATE V. SCHALOW

 2021-NCSC-166

 Opinion of the Court

 Pearce-type judicial vindictiveness would not be established so long as the trial court

 complies with this prophylactic and mandatory statutory provision, which meets the

 constitutional requirement of due process established in Pearce.

¶ 16 Not every case of repeated prosecution falls under Blackledge and warrants

 the presumption of vindictiveness on the part of the prosecutor. The filing of

 additional charges following the defendant’s exercise of a procedural right does not

 necessarily warrant a presumption of prosecutorial vindictiveness. See Goodwin, 457

 U.S. at 379; see also United States v. Johnson, 325 F.3d 205, 211 (4th Cir.) (concluding

 that the filing of “more appropriate charges” on the same set of facts was not evidence

 of vindictiveness), cert. denied, 540 U.S. 897 (2003). Specifically, evidence that

 repeated prosecution is motivated by the desire to punish the defendant for his

 offenses does not, without more, suffice to warrant a presumption of vindictiveness.

 The Supreme Court in Goodwin explained:

 The imposition of punishment is the very purpose of
 virtually all criminal proceedings. The presence of a
 punitive motivation, therefore, does not provide an
 adequate basis for distinguishing governmental action that
 is fully justified as a legitimate response to perceived
 criminal conduct from governmental action that is an
 impermissible response to noncriminal, protected activity.
 Motives are complex and difficult to prove. As a result, in
 certain cases in which action detrimental to the defendant
 has been taken after the exercise of a legal right, the Court
 has found it necessary to “presume” an improper vindictive
 motive. Given the severity of such a presumption,
 however—which may operate in the absence of any proof of
 an improper motive and thus may block a legitimate
 STATE V. SCHALOW

 2021-NCSC-166

 Opinion of the Court

 response to criminal conduct—the Court has done so only
 in cases in which a reasonable likelihood of vindictiveness
 exists.

 Goodwin, 457 U.S. at 372–73. Accordingly, a reasonable likelihood of vindictiveness

 is not shown (and the presumption not warranted) merely by evidence that the

 prosecutor sought to punish the defendant for his criminal conduct by reprosecution.

¶ 17 Here, the evidence showed that after defendant’s successful appeal to the

 Court of Appeals in Schalow I, the State indicted the defendant for fourteen counts

 of felony child abuse and Mr. Newman stated to the media that, if this Court declined

 to allow the State’s petition for discretionary review, he “w[ould] take additional

 action to see that [defendant] is held accountable for his actions.” In his statements

 Mr. Newman specifically noted the “extreme case of brutality” demonstrated by the

 acts of domestic violence here. Furthermore, in his Facebook post, Mr. Newman said,

 “My goal is to have [defendant] receive a comparable sentence to the one originally

 imposed.” Although the prosecution obtained additional charges, the stated purpose

 was to ensure defendant was punished for his criminal conduct and to obtain “a

 comparable sentence” to the original one—not a substantially more severe sentence

 in retaliation for the appeal. Thus, to the extent that the public statements of the

 prosecutor evidence any discernable motive to the reprosecution attributable to the

 State, it is to punish defendant for his crimes and not for the successful exercise of

 his right of appeal.
 STATE V. SCHALOW

 2021-NCSC-166

 Opinion of the Court

¶ 18 In determining whether the circumstances warranted a presumption of

 vindictive prosecution, the Court of Appeals below considered only that (1) “[t]his is

 the third time that District Attorney Newman has attempted to try [d]efendant for

 crimes based upon the same alleged conduct,” and (2) that, based on its calculation,

 the maximum potential period of incarceration defendant could serve if he were

 convicted of all of the newly-indicted offenses under the present prosecution

 significantly exceeded the sentence he could have received under the second

 prosecution for attempted first-degree murder. Schalow II, 269 N.C. App. at 374–75.

 The Court of Appeals erred in its analysis.

¶ 19 First, the Court of Appeals erred in calculating the maximum term to which

 defendant could be sentenced for the offenses here because it failed to consider the

 applicability of N.C.G.S. § 15A-1335 to the hypothetical maximum sentence here. As

 previously noted, Section 15A-1335 was enacted specifically to prevent vindictiveness

 arising from repeated prosecutions under Pearce and its progeny. While its enactment

 following Pearce was aimed at prophylactically eliminating violations of due process

 resulting from judicial vindictiveness, the effect of the statute is to potentially

 preclude due process violations for prosecutorial vindictiveness under Blackledge as

 well. Section 15A-1335 states:

 When a conviction or sentence imposed in superior
 court has been set aside on direct review or collateral
 attack, the court may not impose a new sentence for the
 same offense, or for a different offense based on the same
 STATE V. SCHALOW

 2021-NCSC-166

 Opinion of the Court

 conduct, which is more severe than the prior sentence less
 the portion of the prior sentence previously served. This
 section shall not apply when a defendant, on direct review
 or collateral attack, succeeds in having a plea of guilty
 vacated.

N.C.G.S. § 15A-1335. Section 15A-1335 is mandatory; thus, even if a prosecutor

successfully pursues a second prosecution that would otherwise carry a substantially

more severe sentence, so long as the charges are “for the same offense, or for a

different offense based on the same conduct,” the statute operates to prohibit the trial

court from imposing a sentence with a length greater than the sentence which was

set aside minus the portion of the prior sentence that the defendant had already

served. Accordingly, applying N.C.G.S. § 15A-1335, the presumption of prosecutorial

vindictiveness under Blackledge, which applies only where the more serious charge

“subject[ed]” the defendant “to a significantly increased potential period of

incarceration,” Blackledge, 417 U.S. at 28, cannot be implicated because a

“significantly increased” sentence for offenses based on the same conduct is a legal

impossibility under North Carolina law. The Court of Appeals correctly noted that

the offenses charged here were “based upon the same alleged conduct” as the previous

prosecutions. Schalow II, 269 N.C. App. at 374. Therefore, N.C.G.S. § 15A-1335

applies and the maximum potential period of incarceration was limited to an amount

less than or equal to the maximum sentence set aside in Schalow I minus the time

defendant served, namely, a maximum potential sentence of 201 months minus time
 STATE V. SCHALOW

 2021-NCSC-166

 Opinion of the Court

 served. See Schalow I, 251 N.C. App. at 338. The Court of Appeals erred in failing to

 apply Section 15A-1335 to its sentencing calculation. As a result, it further erred in

 holding a presumption of prosecutorial vindictiveness under Blackledge was shown.3

¶ 20 The Court of Appeals compared the potential period of incarceration under the

 new prosecution to the potential period of incarceration under the second prosecution.

 See Schalow II, 269 N.C. App. at 375 (“Therefore, the ‘increased potential period of

 incarceration’ [d]efendant now faces relative to what he potentially faced in the

 Second Prosecution is more than 35 years of incarceration in aggregate.”). Defendant,

 however, argues that the most appropriate point of comparison is not between the

 current potential period of incarceration and the potential period of incarceration for

 the previous prosecution, but zero months because “[w]hen judging whether a

 charging decision is vindictive, the most appropriate point of comparison is the

 defendant’s exposure immediately before and immediately after that charging

 decision.” But this is not the rule in Blackledge, which was based on the rationale

 that a defendant “is entitled to pursue his [procedural right] without apprehension

 that the State will retaliate by substituting a more serious charge for the original

 3 In his brief, defendant repeatedly notes the discrepancy between the single count of

 attempted murder originally brought against him and the twenty charges he now faces,
 arguing that the number of new charges alone could also justify a presumption of
 prosecutorial vindictiveness. While colloquially “quantity has a quality all its own,” that is
 not the presumption recognized in Blackledge. Rather, the relevant criterion is solely whether
 the new charge or charges subject the defendant “to a significantly increased potential period
 of incarceration.” 417 U.S. at 28.
 STATE V. SCHALOW

 2021-NCSC-166

 Opinion of the Court

 one.” Blackledge, 417 U.S. at 28 (emphasis added). Hence, the comparison under

 Blackledge is between the present potential criminal liability and that under the

 original charge or charges. Moreover, taken literally, defendant’s argument would

 presume vindictiveness for any prosecution, given that deciding to charge after

 initially not charging, or deciding to pursue additional charges, both result in an

 increase in exposure compared to immediately before the charging decision.

¶ 21 Defendant next argues as an alternative basis that the Court of Appeals should

 be affirmed because, under the United States Supreme Court’s decision in Goodwin,

 the trigger for applying the presumption of vindictiveness is “a change in the charging

 decision made after an initial trial is completed.” Goodwin, 457 U.S. at 381.

 Defendant fundamentally misreads Goodwin. In Goodwin the Court held that due

 process does not necessitate the imposition of a prophylactic presumption of

 prosecutorial vindictiveness whenever a prosecutor brings greater charges after a

 defendant requests a jury trial. Id. at 383. In reasoning the presumption was

 unwarranted, the Court noted, “There is good reason to be cautious before adopting

 an inflexible presumption of prosecutorial vindictiveness in a pretrial setting”

 because

 [a]t this stage of the proceedings, the prosecutor’s
 assessment of the proper extent of prosecution may not
 have crystallized. In contrast, once a trial begins—and
 certainly by the time a conviction has been obtained—it is
 much more likely that the State has discovered and
 assessed all of the information against an accused and has
 STATE V. SCHALOW

 2021-NCSC-166

 Opinion of the Court

 made a determination, on the basis of that information, of
 the extent to which he should be prosecuted. Thus, a
 change in the charging decision made after an initial trial
 is completed is much more likely to be improperly
 motivated than is a pretrial decision.

 Id. at 381. The Court in Goodwin was simply distinguishing the likelihood of

 vindictiveness undergirding decisions to change charging decisions at various stages

 of trial and reasoning that a presumption of vindictiveness was less warranted in

 decisions made before trial than after. Merely because the Court held that a

 presumption was not warranted in a pre-trial change in charging decision, it does not

 follow that it held that such a presumption was warranted for all post-trial charging

 decision changes. Indeed, the Court in Goodwin reaffirmed the long-standing

 principle that, “[g]iven the severity of such a presumption . . . the Court has done so

 only in cases in which a reasonable likelihood of vindictiveness exists.” Id. at 373. We

 decline defendant’s invitation to adopt his reading of Goodwin so as to dramatically

 expand the categories of cases in which a presumption of vindictiveness is warranted

 by. We join the Court in Goodwin in recognizing the harshness of such a presumption,

 “which may operate in the absence of any proof of an improper motive and thus may

 block a legitimate response to criminal conduct.” Id.

¶ 22 Finally, although the Court of Appeals did not reach the issue of whether

 actual vindictiveness was shown, the State argues it was not shown and defendant

 argues it was. In arguing there was actual vindictiveness, defendant points to
 STATE V. SCHALOW

 2021-NCSC-166

 Opinion of the Court

 evidence of Mr. Newman’s statements to the press and to the trial court about his

 intention to pursue new charges if this Court denied the State’s petition for

 discretionary review. As discussed above, the only motive these statements reflected

 on the part of the State was its desire to punish defendant’s alleged criminal conduct.

 As the Court in Goodwin noted, “The imposition of punishment is the very purpose of

 virtually all criminal proceedings,” and, accordingly, “does not provide an adequate

 basis for distinguishing governmental action that is fully justified as a legitimate

 response to perceived criminal conduct from governmental action that is an

 impermissible response to noncriminal, protected activity.” Id. at 372–73. Indeed, a

 prosecutor’s charging decision is presumptively lawful. United States v. Armstrong,

 517 U.S. 456, 464 (1996). Only in rare cases may that presumption be overcome, and

 it has not been overcome by evidence of actual vindictiveness here. See Goodwin, 457

 U.S. at 384 n.19; Johnson, 325 F.3d at 210–11.

¶ 23 We hold that by failing to consider the application of Section 15A-1335, the

 Court of Appeals erred in its calculation of the possible period of incarceration for the

 present charges when compared with the prior charge. A proper comparison of the

 potential sentences establishes that the Blackledge presumption of prosecutorial

 vindictiveness is not warranted. Moreover, no other presumption of prosecutorial

 vindictiveness is warranted and the defendant has failed to show actual

 vindictiveness.
 STATE V. SCHALOW

 2021-NCSC-166

 Opinion of the Court

 B. Joinder Violation

¶ 24 The Court of Appeals next held that the trial court erred in denying defendant’s

 motion to dismiss the charges because they should have been joined for trial with the

 original attempted murder charge. We disagree.

¶ 25 Subsection 15A-926(a) of the North Carolina General Statutes states that two

 or more offenses may be joined for trial when the offenses “are based on the same act

 or transaction or on a series of acts or transactions connected together or constituting

 parts of a single scheme or plan.” N.C.G.S. § 15A-926 (2019). Once a defendant has

 been tried for one offense, the defendant’s motion to dismiss a subsequent charge of

 a joinable offense must be granted. Id. § 15A-926(c)(2). The motion to dismiss must

 be made before the second trial and must be granted unless “a. A motion for joinder

 of these offenses was previously denied, or b. The court finds that the right of joinder

 has been waived, or c. The court finds that because the prosecutor did not have

 sufficient evidence to warrant trying this offense at the time of the first trial, or

 because of some other reason, the ends of justice would be defeated if the motion were

 granted.” Id. § 15A-926(c)(2).

¶ 26 In State v. Furr, 292 N.C. 711, cert. denied, 434 U.S. 924 (1977), a defendant

 was tried for the murder of his wife, resulting in a mistrial, id. at 723–24, and was

 subsequently tried and convicted for murder and for twelve counts of solicitation, id.

 at 714. The defendant argued on appeal that the trial court erred in not dismissing
 STATE V. SCHALOW

 2021-NCSC-166

 Opinion of the Court

 the solicitation charges for failure to join under N.C.G.S. § 15A-926 at the initial

 murder trial. Id. at 723–24. We disagreed, holding that Section 15A-926 did not apply

 because “[a]t the time of [the] defendant’s first trial for murder . . . no indictments

 had yet been returned against him for solicitation.” Id. The solicitation charges “could

 not, therefore, have been joined with the murder charge.” Id. We also noted that

 nothing “indicated that the state held the solicitation charges in reserve pending the

 outcome of the murder trial as defendant suggests.” Id.

¶ 27 In State v. Warren, 313 N.C. 254 (1985), the defendant was tried for murder

 and convicted on the lesser offense of manslaughter. Id. at 256. He was then tried for

 burglary and larceny from the home of the victim. Id. We restated the rule in Furr

 that Section 15A-926 does not apply when the defendant had not been indicted for

 the additional charges at the time of the first trial. Id. at 260. But we also recognized

 an exception to the rule in Furr that the subsequent offenses must be dismissed “[i]f

 a defendant shows that the prosecution withheld indictment on additional charges

 solely in order to circumvent the statutory joinder requirements.” Id. We described

 two circumstances, “[a] finding of either or both” of which “would support but not

 compel a determination by the trial court that the prosecutor withheld the additional

 indictment in order to circumvent the statute”: (1) “during the first trial the

 prosecutor was aware of substantial evidence that the defendant had committed the

 crimes for which he was later indicted”; and (2) “[a] showing that the State’s evidence
 STATE V. SCHALOW

 2021-NCSC-166

 Opinion of the Court

 at the second trial would be the same as the evidence presented at the first.” Id. at

 260 (emphasis omitted). We nevertheless concluded that the charges in Warren did

 not warrant dismissal, because the record showed “valid reasons” for bringing the

 charges later, id. at 263, in that the stolen property was recovered after completion

 of the murder trial, and the State thus had insufficient evidence of larceny at the time

 of the murder trial, id. at 261–63. Accordingly, as in the case of prosecutorial

 vindictiveness, in assessing a claim the prosecution withheld an indictment to

 circumvent the statute, the court must assess the justification offered by the State

 and determine if legitimate prosecutorial reasons supported the conduct.

¶ 28 Here defendant moved to dismiss arguing, inter alia, that the current charges

 for felony child abuse and various kinds of assault should have been joined with the

 attempted murder charge from the earlier prosecutions. He argued these offenses

 arose from the same act or transaction and thus warranted dismissal. At the hearing

 on the motion, defendant’s counsel stated the motion was based on the “statutory

 prohibition on prosecuting joinable offenses after a defendant has already been tried

 for an offense that would have been joinable under [N.C.G.S. §] 15A-926,” and that

 Section 15A-926 “makes it clear that if there is a joinable offense and the State

 proceeds to try in a second trial offenses that should have been joined in the first trial,

 . . . the court must grant a motion to dismiss.” The trial court denied defendant’s

 motion to dismiss.
 STATE V. SCHALOW

 2021-NCSC-166

 Opinion of the Court

¶ 29 The record reveals no evidence that defendant alleged the State originally held

 the additional charges in reserve, nor did he allege under Warren that the prosecution

 withheld indictment on the additional charges in order to circumvent the statute.

 Under Warren it is the defendant’s burden to make such a showing, because a

 prosecutor’s charging decision is presumptively lawful. See Armstrong, 517 U.S. at

 464; Warren, 313 N.C. at 260. Because the defendant made no argument under

 Warren, the trial court did not make findings of fact regarding the prosecutor’s motive

 in not pursuing the indictments.

¶ 30 Nevertheless, on appeal to the Court of Appeals, defendant argued the offenses

 were joinable and should be dismissed for failure to join under N.C.G.S. § 15A-926,

 and while acknowledging Furr’s holding that such offenses could not be charged when

 no indictments had been returned, also argued for the first time that the record

 supported the exception under Warren.

¶ 31 The Court of Appeals below held that the trial court erred in denying

 defendant’s motion to dismiss, opining that defendant had “shown both Warren

 circumstances.” Schalow II, 269 N.C. App. at 382. Although Warren expressly states

 that a showing of one or both circumstances merely “would support but not compel a

 determination by the trial court that the prosecutor withheld the additional

 indictment in order to circumvent the statute,” Warren, 313 N.C. at 260 (emphasis

 added), the Court of Appeals went further and held for the first time that a showing
 STATE V. SCHALOW

 2021-NCSC-166

 Opinion of the Court

 of the circumstances described in Warren not merely permitted but mandated

 dismissal by the trial court. Schalow II, 269 N.C. App. at 382. Acknowledging that in

 Warren itself this Court held that the circumstances outlined would support, but not

 compel, such a determination and that it was “left with no precedent regarding what,

 beyond the two Warren circumstances, a defendant needs to show in order to

 implicate the Warren exception,” id., the Court of Appeals announced a new test for

 when the Warren exception compels reversal of a denial of a motion to dismiss:

 [B]ecause (1) Defendant has shown that both
 Warren circumstances are present, (2) the State
 has had multiple previous opportunities to join the
 offenses on which it now seeks to try Defendant,
 and (3) the State has neither argued that it was
 somehow unable to try the offenses at an earlier
 time nor proffered any explanation for why the
 offenses were not tried along with the earlier
 charge, we hold that the Warren exception should
 apply.

 Id. The Court of Appeals then concluded that “[d]efendant has made a showing that

 should have compelled a determination by the trial court that the prosecutor withheld

 the indictments here at issue in order to circumvent [N.C.G.S. § 15A-]926, and that

 [d]efendant is entitled to dismissal of the new charges under [N.C.G.S. § 15A-

 ]926(c)(2), as well.” Id. at 383.

¶ 32 The State argues the Court of Appeals erred in finding a joinder violation, and

 we agree. First, defendant contended that the Warren exception applies to require

 dismissal for failure to join when that argument is made for the first time at the Court
 STATE V. SCHALOW

 2021-NCSC-166

 Opinion of the Court

 of Appeals. That argument was not made to the trial court; rather, defendant’s motion

 to dismiss there was based on a violation of N.C.G.S. § 15A-926. Defendant did not

 cite Warren and, most importantly, made no allegation or argument that the

 prosecution withheld the subsequent indictments for the purpose of circumventing

 the joinder statute. Because no such showing was made by defendant to the trial

 court, the issue of whether the Warren exception applied was not passed upon by the

 trial court. Accordingly, under Rule of Appellate Procedure 10(a)(1), the issue was not

 preserved for appeal.4 N.C. R. App. P. 10(a)(1).

¶ 33 Beyond defendant’s failure to preserve the issue and the Court of Appeals’

 reversal of the trial court’s order on a ground not argued to the trial court in the first

 instance, the Court of Appeals also erred by disregarding our rule in Warren and

 transforming the exception recognized there from one permitting dismissal of the

 subsequent charges by the trial court to one requiring it. In Warren, we specifically

 stated that showing one or both circumstances identified therein “would support but

 not compel a determination by the trial court that the prosecutor withheld the

 additional indictment in order to circumvent the statute.” 313 N.C. at 260 (emphasis

 4 In State v. Golder, we opined that “[b]y not requiring that a defendant state the

 specific grounds for his or her objection, Rule 10(a)(3) provides that a defendant preserves all
 insufficiency of the evidence issues for appellate review simply by making a motion to dismiss
 the action at the proper time.” State v. Golder, 374 N.C. 238, 246 (2020). We specifically
 contrasted this approach to sufficiency of the evidence under Rule 10(a)(3) with Rules
 10(a)(1)–(2), which require “specific grounds” for preserving other issues. See id. at 245–46.
 STATE V. SCHALOW

 2021-NCSC-166

 Opinion of the Court

 added). Accordingly, converting a showing of both Warren circumstances into a

 mandate requiring dismissal contravenes precedent of this Court.5

 III. Conclusion

¶ 34 In conclusion, we hold the Court of Appeals erred in holding a presumption of

 prosecutorial vindictiveness was warranted and in holding the trial court should have

 dismissed the charges under Warren, both because the issue is not preserved and,

 even if it were, the Court of Appeals decision contravenes our precedents.

 Furthermore, the State’s argument the Court of Appeals in Schalow I erred in holding

 the second prosecution was barred by double jeopardy is barred by issue preclusion.

 Finally, the Court of Appeals declined to address the additional argument defendant

 made in appealing from the trial court’s denial of his motion to dismiss that double

 jeopardy barred the present charges. Schalow II, 269 N.C. App. at 383. Accordingly,

 we reverse the decision of the Court of Appeals and remand this case to that court for

 consideration of defendant’s double-jeopardy arguments.

 REVERSED AND REMANDED.

 5 Likewise, the second criterion identified in the test created by the Court of Appeals—

 that “the State has had multiple opportunities to join the offenses”—would require overruling
 Furr, in which we determined that the State had not had an opportunity to join the offenses
 when, as here, an indictment for the offenses had not been returned. Furr, 292 N.C. at 723–
 24. Indeed, defendant asks us to overrule Furr. We are not persuaded and decline to do so.