STATE OF NORTH CAROLINA v. DENNIS MAYES

No. 7617SC590

(Filed 15 December 1976)

**Constitutional Law § 30; Criminal Law § 18— conviction of misdemeanor in district court — trial for felony in superior court — due process**

A defendant convicted in the district court of the misdemeanor of assault on a child under the age of 12 years was denied due process

when, upon his appeal for a trial *de novo* in the superior court, he was tried for the same conduct upon an indictment charging the felony of assault with a deadly weapon inflicting serious injury.

APPEAL by defendant from *McConnell, Judge.* Judgment entered 4 March 1976 in Superior Court, SURRY County. Heard in the Court of Appeals 7 December 1976.

On 7 November 1974, a warrant issued for the arrest of Dennis Mayes, defendant. The warrant says, in pertinent part:

". . . the defendant named above did unlawfully, wilfully, and feloniously assault Mellisa Whitaker a child under the age of 12 years inflicting serious injury; by beating the child about the head and body, choking and bitting (sic) the child severely. Child being 13 months old and having to seek hospitalization.

The offense charged here was committed against the peace and dignity of the State and in violation of law G.S. 14-33 (b) (3)."

Pursuant to this warrant defendant was tried in district court. The Judgment and Commitment, dated 13 February 1975, says "defendant appeared for trial upon the charge . . . of Assault on Child and thereupon entered a plea of Not Guilty." The Judgment continued:

"Having been found guilty of Assault on Child which is a violation of _____ and of the grade of Misdemeanor

It is Adjudged that the defendant be imprisoned for the term of two years. . . ."

Defendant perfected his appeal for a trial *de novo* in the superior court.

On 6 May 1975, the grand jury in Surry County issued an indictment in pertinent part as follows:

"DENNIS MAYES unlawfully and wilfully did feloniously assault Mellisa Whitaker, a female child of the age 13 months, with a deadly weapon, to wit: his hands, feet and teeth, with intent then and there to kill and murder the said Mellisa Whitaker, then and there kicking with his feet, beating with his hands and biting with his teeth, inflicting serious injuries not resulting in death upon said

Mellisa Whitaker, to wit: Cuts, lacerations, abrasions and contusions about the head, face, body and limbs of Mellisa Whitaker, requiring extensive and prolonged medical and hospital treatment, the said Dennis Mayes being a strong and mature man."

Defendant moved to quash this felony indictment. His motion was denied, and he was tried and convicted of felonious assault with a deadly weapon inflicting serious injury and sentenced to five years imprisonment. Defendant appeals.

*Attorney General Edmisten, by Associate Attorney Elizabeth C. Bunting, for the State.*

*Oliver and Royster, by Stephen G. Royster, for defendant appellant.*

ARNOLD, Judge.

Defendant contends that at the trial *de novo* in superior court his motion to quash the felony indictment, which arose out of the same conduct for which he received the misdemeanor conviction in district court, should have been allowed. He is correct.

In *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed. 2d 628 (1974), it was held that the prosecutor could not "up the ante" and try a person for a felony in the *de novo* trial where the person was charged and convicted of a misdemeanor in district court. *Blackledge,* which arose in North Carolina, was decided on the theory of denial of due process. It controls in this case.

Justice Stewart, writing for the Court in *Blackledge,* emphasized that due process is not offended by the possibility of increased punishment upon retrial, but by the opportunities for "vindictiveness" on the part of the prosecutor. The prosecutor is the central figure in this situation, and not the judge or the jury. According to Justice Stewart's rationale, a convicted misdemeanant is entitled to pursue his right to a *de novo* trial without apprehension that the prosecutor "will retaliate by substituting a more serious charge." *Supra* at 28. It is this potential vindictiveness which offends defendant's right to due process. The possibility of increased punishment at the *de novo* trial does not offend the right to due process. *Colton v. Kentucky,* 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed. 2d 584 (1972); *North*

*Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed. 2d 656 (1969); also *see Ludwig v. Massachusetts,* ___ U.S. ___, 96 S.Ct. ___ , 49 L.Ed. 2d 732 (filed 30 June 1976). There is no suggestion in this record that the District Attorney in fact acted vindictively in obtaining the felony indictment.

We are not convinced by the State's argument that this case can be distinguished from *Blackledge* because the defendant was originally charged with a felony. It is immaterial whether defendant was originally charged with a felony, since he was tried and convicted in district court of a misdemeanor. In fact, the original warrant charged a violation of G.S. 14-33(b)(3), a misdemeanor. The statute was referred to specifically, and the elements of that misdemeanor offense were listed on the warrant. The use of the word "feloniously" in the warrant was surplusage. *State v. Higgins,* 266 N.C. 589, 146 S.E. 2d 681 (1966); *State v. Wesson,* 16 N.C. App. 683, 193 S.E. 2d 425 (1972), *cert. den.* 282 N.C. 675, 194 S.E. 2d 155 (1973).

Judgment is vacated and the cause is remanded for *de novo* trial on the misdemeanor charge of violating G.S. 14-33(b)(3).

Vacated and remanded.

Judges MORRIS and CLARK concur.