State v. Phillips

---

STATE OF NORTH CAROLINA v. JEROME PHILLIPS

No. 783SC497

(Filed 17 October 1978)

**Constitutional Law § 28; Criminal Law §§ 18.4, 26.9— conviction of misdemeanors in district court—appeal for trial de novo—indictment and conviction of felony in superior court—denial of due process**

    A defendant who appealed to the superior court from his conviction in the district court of nonfeloniously attempting to break and enter and nonfeloniously peeping secretly into a room occupied by a female person was denied due process by his indictment for burglary and conviction of attempted felonious breaking and entering in the superior court based on the same conduct for which he was convicted in the district court.

APPEAL by defendant from *Bruce, Judge*. Judgment entered 5 January 1978 in Superior Court, PITT County. Heard in the Court of Appeals 26 September 1978.

*Attorney General Edmisten, by Associate Attorney Tiare Smiley Farris, for the State.*

*John M. Savage for the defendant.*

BROCK, Chief Judge.

Defendant was tried and convicted in District Court under two warrants. One charged defendant with non-felonious attempting to break and enter. The other charged defendant with non-felonious secretly peeping into a room occupied by a female person. Defendant was sentenced to consecutive terms of two years and one year imprisonment. He appealed both convictions to Superior Court for trials *de novo*. Both of the foregoing charges arose out of the same incident.

Prior to trial *de novo* in Superior Court the district attorney secured a grand jury indictment charging defendant with the felony of burglary. The charges in the bill of indictment arose from the same conduct for which defendant was convicted of the two misdemeanor charges in District Court from which he appealed to Superior Court for trial *de novo*.

In Superior Court defendant was arraigned, pled not guilty, was tried for burglary and convicted of attempted felonious breaking or entering for which he was sentenced to a term of ten years imprisonment on 5 January 1978.

On 20 January 1978 the district attorney entered a voluntary dismissal of the two misdemeanor charges which defendant had appealed to Superior Court for trial *de novo*. The grounds for the dismissal of each charge was stated as follows: "Defendant convicted of attempted felonious breaking and entering in 77CRS16860 based on same facts as enter into this case."

Defendant challenges the felony indictment and his conviction thereunder upon the grounds of denial to him of due process of law. We sustain his challenge on the grounds of denial of due process of law and do not reach his further challenge to the felony indictment on the grounds of double jeopardy.

The rationale of *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed. 2d 628 (1974) is applicable to the present case. In *Blackledge,* the defendant was convicted in District Court,

Northampton County, North Carolina, of a misdemeanor assault. He appealed to Superior Court for trial *de novo*. Prior to the trial *de novo* the district attorney secured a grand jury indictment charging defendant with a felonious assault for the same conduct for which he was tried and convicted in District Court of a misdemeanor assault. Fearing the possibility of vindictiveness by the prosecutor, the Court noted in *Blackledge* that "[a] prosecutor clearly has a considerable stake in discouraging convicted misdemeanants from appealing and thus obtaining a trial *de novo* in the superior court, since such an appeal will clearly require increased expenditures of prosecutorial resources before the defendant's conviction becomes final, and may even result in a formerly convicted defendant's going free. And, if the prosecutor has the means readily at hand to discourage such appeals—by 'upping the ante' through a felony indictment whenever a convicted misdemeanant pursues his statutory appellate remedy—the State can insure that only the most hardy defendants will brave the hazards of a *de novo* trial." Blackledge, *supra*, at 27-28, 94 S.Ct. at 2102, 40 L.Ed. at 634.

There is absolutely no evidence in this case that the district attorney acted in bad faith or maliciously in seeking the felony indictment against defendant. However, the rationale of *Blackledge*, similar to the rationale of *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed. 2d 656 (1969), is that actual retaliatory motivation by the district attorney need not be shown or even exist. The concern is that the fear of such vindictiveness by the district attorney may unconstitutionally deter a defendant's exercise of the right to appeal from the District Court to the Superior Court for trial *de novo*. "Due process of law requires that such a potential for vindictiveness must not enter into North Carolina's two-tiered appellate process. We hold, therefore, that it was not constitutionally permissible for the State to respond to [defendant's] invocation of his statutory right to appeal by bringing a more serious charge against him prior to the trial *de novo*." Blackledge, *supra*, at 28-29, 94 S.Ct. at 2103, 40 L.Ed. at 635.

For the reasons stated, defendant's conviction of the felony charge in Superior Court was in effect a nullity.

Judgment vacated and action dismissed.

Judges CLARK and MARTIN (Harry C.) concur.