STATE OF NORTH CAROLINA v. MARY HOLLYFIELD BISSETTE, Defendant

No. COA00-19

(Filed 3 April 2001)

**1. Constitutional Law— due process—felony conviction following appeal of misdemeanor conviction**

Defendant's felony larceny conviction in superior court was a violation of her due process rights and was vacated where she was tried and convicted of misdemeanor larceny in district court

based on the alleged theft of a copy machine from her employer, she exercised her right to a trial de novo in superior court, and she was then indicted, prosecuted and convicted of felony larceny based on the same alleged occurrence.

**2. Constitutional Law— double jeopardy—prosecutor's intention to dismiss misdemeanor—felony jury impaneled**

Jeopardy attached when the jury was impaneled and a prosecutor's pretrial announcement of his election not to pursue a misdemeanor charge was binding and tantamount to an acquittal where defendant was arrested for felonious larceny from her employer, the charge was reduced to misdemeanor larceny, defendant was tried and convicted, she appealed to superior court for a trial de novo, defendant was then indicted for felonious larceny from her employer, the two charges appeared on the docket, the prosecutor explained that they came from a single occurrence and that he intended to dismiss the misdemeanor charge, defendant was tried and convicted of the felony larceny charge, and the felony conviction was vacated on appeal.

Appeal by defendant from judgment entered 23 June 1999 by Judge James E. Lanning in Guilford County Superior Court. Heard in the Court of Appeals 20 February 2001.

*Michael F. Easley, Attorney General, by V. Lori Fuller, Assistant Attorney General, and Richard Bradford, Associate Attorney General, for the State.*

*Clifford, Clendenin, O'Hale & Jones, L.L.P., by Walter L. Jones, for defendant-appellant.*

HUDSON, Judge.

On 12 April 1995, a warrant for defendant's arrest was served alleging defendant had violated N.C.G.S. § 14-74 (1999). This statute is entitled "Larceny by servants and other employees" (commonly referred to as "larceny by an employee"), and a violation of this statute constitutes a felony. *See* G.S. § 14-74. After defendant's arrest, the charge against defendant was reduced to "misdemeanor larceny," defendant entered a plea of not guilty, and on 8 February 1996 defendant was tried and convicted in district court on the misdemeanor larceny charge. Defendant exercised her right to appeal for a trial *de novo* in superior court pursuant to N.C.G.S. § 7A-290 (1999). On 13

March 1996, defendant waived arraignment in superior court and entered a plea of not guilty to the misdemeanor larceny charge. Defendant was then indicted on the felony charge of "larceny by an employee" pursuant to G.S. § 14-74 on 21 October 1996. On 15 November 1996, defendant waived arraignment in superior court and entered a plea of not guilty to the felony larceny charge.

On 21 June 1999, the case came before the superior court. The record indicates that two separate charges, with two separate case numbers, appeared on the docket for trial at that time: the misdemeanor larceny charge on appeal from the district court, and the felony "larceny by an employee" charge for which defendant had been indicted. The Guilford County Assistant District Attorney explained to the court that the two charges emanated from a single underlying occurrence, and that he had intended to have the misdemeanor larceny charge dismissed at the time defendant was indicted on the felony larceny charge. He further stated that he would file another dismissal at the conclusion of the trial in superior court to ensure that the misdemeanor larceny charge was, in fact, dismissed. Defendant was then tried before a jury and found guilty on the felony larceny charge.

[1] On appeal from that judgment, defendant raises two assignments of error. Because the judgment against defendant must be vacated on the grounds set forth in her first assignment of error, we do not reach defendant's second assignment of error. In her first assignment of error, defendant contends that her constitutional rights were violated when she was indicted and prosecuted for felony larceny pursuant to G.S. § 14-74 in superior court after she had previously been convicted in district court of misdemeanor larceny based on the same offense. We agree.

In *Blackledge v. Perry*, 417 U.S. 21, 40 L. Ed. 2d 628 (1974), the defendant had been convicted before a North Carolina district court on a misdemeanor charge of assault with a deadly weapon, and following this conviction the defendant had exercised his right to a trial *de novo* in the superior court. The State had then obtained an indictment on a felony charge of assault with a deadly weapon with intent to kill and inflict serious bodily injury, based on the same conduct which gave rise to the misdemeanor charge of assault with a deadly weapon. In determining whether the defendant's constitutional rights had been violated, the Court examined the potential for abuse in allowing a defendant to be prosecuted for a felony offense on appeal

from a conviction of a misdemeanor offense arising from the same incident. The Court stated:

> A prosecutor clearly has a considerable stake in discouraging convicted misdemeanants from appealing and thus obtaining a trial de novo in the Superior Court, since such an appeal will clearly require increased expenditures of prosecutorial resources before the defendant's conviction becomes final, and may even result in a formerly convicted defendant's going free. And, if the prosecutor has the means readily at hand to discourage such appeals—by "upping the ante" through a felony indictment whenever a convicted misdemeanant pursues his statutory appellate remedy—the State can insure that only the most hardy defendants will brave the hazards of a de novo trial.

*Id.* at 27-28, 40 L. Ed. 2d at 634. The Court held that one convicted of a misdemeanor in North Carolina is entitled to pursue his right to trial *de novo* in superior court without the apprehension that the State will retaliate by substituting a felony charge for the original misdemeanor and thus subject him to a potentially greater period of incarceration. *Id.* at 28, 40 L. Ed. 2d at 634-35. The Court concluded that the State's actions amounted to a violation of the defendant's due process rights. *Id.* at 28-29, 40 L. Ed. 2d at 635. The Court also emphasized that this result did not depend upon a showing of actual retaliatory motive on the part of the prosecutor, since it was the mere potential for vindictiveness entering into the two-tiered appellate process which constituted a violation of the defendant's rights. *Id.* at 28, 40 L. Ed. 2d at 635.

This Court has had occasion to apply the holding in *Blackledge* to similar circumstances. In *State v. Phillips*, 38 N.C. App. 377, 247 S.E.2d 794 (1978), the defendant was tried and convicted in district court under two warrants for two misdemeanor offenses, both arising out of the same incident. The defendant appealed both convictions to superior court for trial *de novo*. Prior to the trial in superior court, the district attorney secured a grand jury indictment charging defendant with a felony offense arising from the same conduct for which defendant was convicted of the two misdemeanor charges. Defendant was tried and convicted on the felony charge in superior court. On appeal to this Court, the defendant challenged the felony indictment and his conviction thereunder, alleging a violation of his due process rights. Based on the rationale in *Blackledge*, we held that it was not constitutionally permissible for the State to respond to the

defendant's invocation of his statutory right to appeal by bringing a more serious charge against him prior to the trial *de novo*. *Id.* at 378-79, 247 S.E.2d at 795.

In the instant case, defendant was tried and convicted of misdemeanor larceny in district court based on the alleged theft from her employer of a copy machine. Defendant exercised her right to appeal for a trial *de novo* in superior court. Defendant was then indicted, prosecuted, and convicted of felony larceny pursuant to G.S. § 14-74 based on the same alleged occurrence underlying the misdemeanor conviction. We believe *Blackledge* clearly controls the instant case and, therefore, hold that defendant's felony larceny conviction in superior court was a violation of her due process rights and must be vacated.

The State attempts to distinguish the instant case from *Blackledge*, arguing that *Blackledge* involved a prosecutor introducing felony charges against the defendant for the first time following the defendant's appeal from misdemeanor convictions, whereas the case at bar involves an original warrant charging defendant with a felony. However, this Court has previously considered and rejected this argument. In *State v. Mayes*, 31 N.C. App. 694, 230 S.E.2d 563 (1976), a warrant issued for the arrest of the defendant charging him with violating N.C.G.S. § 14-33(b)(3) (1999). Although the warrant included the word "feloniously" in its description of the offense, G.S. § 14-33(b)(3) is a misdemeanor offense, and the judgment and commitment from the district court made evident that the defendant had been found guilty of a misdemeanor offense. The defendant exercised his right to appeal for a trial *de novo* in the superior court. The indictment in superior court charged the defendant with a felony offense based on the same underlying incident, and the defendant moved to quash this felony indictment. His motion was denied, and he was tried and convicted of the felony offense. On appeal, we found that *Blackledge* controlled the result, and we vacated the felony conviction. *Id.* at 696, 697, 230 S.E.2d at 565. In responding to the State's argument that the case should be distinguished from *Blackledge*, we stated:

> We are not convinced by the State's argument that this case can be distinguished from *Blackledge* because the defendant was originally charged with a felony. It is immaterial whether defendant was originally charged with a felony, since he was tried and convicted in district court of a misdemeanor. In fact, the original

warrant charged a violation of G.S. 14-33(b)(3), a misdemeanor. The statute was referred to specifically, and the elements of that misdemeanor offense were listed on the warrant. The use of the word "feloniously" in the warrant was surplusage.

*Id.* at 697, 230 S.E.2d at 565. As in *Mayes*, it is immaterial whether or not defendant in the instant case was originally charged with felony larceny, since he was tried and convicted in district court of misdemeanor larceny.

[2] Having determined that the conviction in superior court for felony larceny must be vacated on due process grounds, we turn to a related issue not expressly raised by defendant. The assistant district attorney stated on the record during the trial in superior court that he would have the misdemeanor charge against defendant dismissed following the trial. However, it is not clear from the record whether the misdemeanor charge against defendant has, in fact, been dismissed. Because the charge may not have been dismissed, we believe it is important to address the issue of whether defendant may be prosecuted in superior court on the misdemeanor larceny charge subsequent to this opinion vacating the felony larceny conviction.

At the commencement of the trial in superior court, the assistant district attorney addressed the court and stated:

> This would be the case in 96 CRS 22655. The defendant, Mary Hollyfield Bissette, is charged with larceny by employee. To that charge, she has entered a plea of not guilty. And we are calling the case for trial. Your Honor, I believe the docket . . . would reflect Ms. Bissette also being charged with a larceny offense, misdemeanor larceny, in 95 CRS 40177. Your Honor, that is the same occurrence. What happened was, that it was reduced to a misdemeanor for trial in District Court, and then when the defendant was found not guilty [sic], she appealed it, and then the State went ahead and indicted on the original charge of larceny by employee. So that 95 CRS 40177 should be dismissed. I had filed a dismissal back when we indicted, but somehow it did not get dismissed. And I'll prepare another dismissal on that charge at the conclusion of the trial.

A prosecutor's pre-trial announcement of his election to seek conviction only for some of the offenses charged in the indictment "becomes binding on the State and tantamount to acquittal of charges contained in the indictment . . . when jeopardy has attached as the

result of a jury being impaneled and sworn to try the defendant." *State v. Hickey*, 317 N.C. 457, 466, 346 S.E.2d 646, 652-53 (1986). In the instant case, the representations by the assistant district attorney were made on the record prior to the impaneling of the jury, and jeopardy did attach as the result of the jury being impaneled and sworn to try defendant. Thus, these representations constituted a binding election not to pursue the misdemeanor larceny charge, and such election was tantamount to an acquittal of this charge.

Judgment vacated.

Judges GREENE and McCULLOUGH concur.