IN THE SUPREME COURT OF NORTH CAROLINA

2021-NCSC-166

No. 40PA20

Filed 17 December 2021

STATE OF NORTH CAROLINA

v.

LEONARD PAUL SCHALOW

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 269 N.C. App. 369 (2020), reversing an order entered on 7 August 2018 by Judge W. Robert Bell, in Superior Court, Henderson County. Heard in the Supreme Court on 27 April 2021.

*Joshua H. Stein, Attorney General, by Joseph L. Hyde, Assistant Attorney General, for the State-appellant.*

*Appellate Defender Glenn Gerding, by Daniel Shatz, Assistant Appellate Defender, for defendant-appellee.*

HUDSON, Justice.

¶ 1 Leonard Paul Schalow (defendant) was charged with fourteen counts of felony child abuse. He moved to dismiss the charges, arguing that the charges were barred by double jeopardy and amounted to vindictive prosecution, and that the State impermissibly failed to join the charges in an earlier prosecution. The trial court denied his motion, but the Court of Appeals allowed his petition for writ of certiorari and reversed the trial court's denial of the motion to dismiss based on vindictive

prosecution and failure to join. Before this Court, the State argued the Court of Appeals misapplied or unduly expanded settled caselaw in doing so. After careful review, we reverse the decision of the Court of Appeals.

## I.    Facts and Procedural History

¶ 2        Defendant was married to Erin Henry Schalow in 1997. The couple moved to North Carolina in 2010. Ms. Schalow is a registered nurse who worked for eight months with a hospice service in Hendersonville. Defendant was not working during this time. The State's evidence presented at trial tended to show that defendant engaged in many severe acts of domestic violence on an almost daily basis that resulted in multiple bodily injuries to his wife.[1]

¶ 3        In February 2014, defendant was arrested for multiple violent offenses against Ms. Schalow on a warrant finding probable cause for assault on a female, assault inflicting serious injury with a minor present, assault with a deadly weapon, assault by strangulation, and assault inflicting serious bodily injury. On 10 March 2014, defendant was indicted for attempted murder of Ms. Schalow in 14 CRS 50887. The indictment described the offense charged as "attempt first degree murder" for "unlawfully, willfully and feloniously . . . attempt[ing] to murder and kill Erin Henry Schalow." The State dismissed other charges pending against defendant.

---

[1] The testimony presented at the second trial is recounted in *State v. Schalow*, 251 N.C. App. 334 (2016) (*Schalow I*), *disc. rev. improvidently allowed*, 370 N.C. 525 (2018).

¶ 4 After the case came on for trial and the jury was impaneled in March 2015, the trial court noted the indictment failed to allege malice aforethought, a necessary element of attempted first-degree murder under the short-form indictment statute. N.C.G.S. § 15-144 (2019). Although defendant objected that the indictment sufficiently alleged attempted voluntary manslaughter and that a mistrial should not be declared because jeopardy had attached, the prosecutor asked the trial court to dismiss the charges so he could bring a new indictment. The trial court declared a mistrial and dismissed the case because the indictment was fatally defective and the trial court thus lacked jurisdiction.

¶ 5 On 18 May 2015, the State issued a new indictment against defendant in a new prosecution, 15 CRS 50922, for "attempt first degree murder." Now, the body of the indictment stated that defendant "unlawfully, willfully and feloniously . . . with malice aforethought attempt[ed] to murder and kill Erin Henry Schalow by torture." Defendant moved to dismiss 15 CRS 50922, arguing that the second prosecution for attempted first-degree murder was barred by double jeopardy because jeopardy had attached in the first prosecution for attempted voluntary manslaughter, a lesser offense. The trial court denied defendant's motion. The Court of Appeals denied his pretrial petition for writ of certiorari. The matter came on for trial in November 2015 and defendant was convicted by a jury of attempted first-degree murder and sentenced to imprisonment for 157 to 201 months.

¶ 6          Defendant appealed to the Court of Appeals. The Court of Appeals vacated the conviction and indictment, holding that defendant's trial and conviction in 15 CRS 50922 were barred by the prohibition against double jeopardy because jeopardy had attached. *State v. Schalow*, 251 N.C. App. 334, 354 (2016) (*Schalow I*), *disc. rev. improvidently allowed*, 370 N.C. 525 (2018) (per curiam).

¶ 7          The State obtained further indictments against defendant on 4 January 2017, this time for felony child abuse under N.C.G.S. § 14-318.4(a5). The State petitioned this Court for discretionary review of *Schalow I* the next day. This Court initially allowed discretionary review; however, we later held discretionary review in *Schalow I* was improvidently allowed. *See State v. Schalow*, 370 N.C. 525 (2018). On 19 March 2018, after this Court ruled discretionary review was improvidently allowed, defendant was also indicted for three counts of assault with a deadly weapon with intent to kill inflicting serious injury, two counts of assault inflicting serious bodily injury, and one count of assault by strangulation. These charges were based on conduct that included acts of violence against his wife in 2014.

¶ 8          On 19 July 2018, defendant filed a pretrial motion to dismiss alleging, *inter alia*, that double jeopardy barred the indictments, that the State had failed to join all claims earlier, and that the prosecution was vindictive. Regarding the vindictive prosecution claim, defendant argued the State indicted him because of his successful appeal from the attempted murder judgment. On 9 January 2017, after the State

petitioned this Court for discretionary review in *Schalow I*, Greg Newman, the District Attorney for Henderson County, who oversaw the prosecution of defendant, was quoted in the press as saying "If . . . the Supreme Court refuses to take up the case, then I have a plan in place to address that circumstance and will take additional action to see that [defendant] is held accountable for his actions. . . . I will do everything that I can to see that [defendant] remains in custody for as long as possible." He further stated that "[d]omestic violence is unacceptable in any circumstance, but this case revealed an extreme case of brutality." After a hearing, the trial court denied defendant's pretrial motion to dismiss. Defendant filed a petition for writ of certiorari with the Court of Appeals seeking immediate review of the order, which that court allowed.

¶ 9     The Court of Appeals reversed the trial court's denial of defendant's motion to dismiss. *State v. Schalow*, 269 N.C. App. 369, 383 (2020) (*Schalow II*). It held the charges should have been dismissed because: (1) "[d]efendant is entitled to a presumption of prosecutorial vindictiveness" and "the State has failed to overcome the presumption"; and (2) "[d]efendant has made a showing that should have compelled a determination by the trial court that the prosecutor withheld the indictments here at issue in order to circumvent [N.C.G.S. § 15A-]926," and "[d]efendant is entitled to dismissal of the new charges under [N.C.G.S. § 15A-]926(c)(2), as well." *Id.* at 377, 383. The Court of Appeals declined to reach the

question of whether defendant's motion to dismiss should have been granted on double-jeopardy grounds. *Id.* at 383.

¶ 10    This Court allowed the State's petition for discretionary review. *Schalow*, 839 S.E.2d 340 (2020) (order).

## II.    Analysis

¶ 11    The State argues the Court of Appeals erred in reversing the trial court's denial of defendant's motion to dismiss because: (1) defendant was not subjected to vindictive prosecution; (2) defendant was not subjected to a joinder violation; and (3) prosecution was not barred by double jeopardy.[2] For the reasons stated, we reverse the Court of Appeals and remand this case to that court to reconsider whether prosecution was barred by double jeopardy.

### A. Vindictive Prosecution

¶ 12    It is well established that "neither the double jeopardy provision nor the Equal Protection Clause imposes an absolute bar to a more severe sentence upon

---

[2] The State also argues the Court of Appeals in *Schalow I* erred in holding the second prosecution for attempted first-degree murder was barred by double jeopardy. That was not the basis for the trial court's holding that defendant's prosecution for assault was barred by double jeopardy and, although the Court of Appeals below recognized the holding of *Schalow I*, to which it was bound as law of the case, that issue was not before the trial court or the Court of Appeals and, accordingly, is not properly before us now. N.C. R. App. P. 10(a)(1). Moreover, the issue is barred by issue preclusion. *See State v. Summers*, 351 N.C. 620, 623 (2000) (recognizing that once an issue is "decided in a court of record, neither of the parties shall be allowed to call it into question, and have it tried over again at any time thereafter, so long as the judgment or decree stands unreversed" (quoting *King v. Grindstaff*, 284 N.C. 348, 355 (1973))). The Court of Appeals below declined to determine the separate argument made by defendant as to whether the present offenses are barred by double jeopardy.

reconviction"; however, "[d]ue process of law . . . requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." *North Carolina v. Pearce*, 395 U.S. 711, 723, 725 (1969). In *Pearce* the defendant was convicted upon a charge of assault to commit rape, and the trial judge sentenced him to imprisonment for a term of twelve to fifteen years. *Id.* at 713. Several years later, his conviction was reversed by this Court after the defendant filed a state post-conviction proceeding in which he successfully argued that an involuntary confession had been unconstitutionally admitted against him. *Id.* The defendant was later tried again and convicted of the same offense. *Id.* The trial court sentenced him to an eight-year term which, when combined with time previously served, amounted to a longer total sentence than that originally imposed. *Id.* After that conviction and sentence were upheld by this Court, the defendant challenged his sentence in federal court. A federal district court held that the longer sentence imposed upon retrial was unconstitutional and thus void, and the Fourth Circuit affirmed. *Id.* at 714. After granting certiorari, the United States Supreme Court affirmed the judgment of the Fourth Circuit. *Id.* at 714, 726. In so doing, the Court concluded that "whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear" in the record and "[t]hose reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring

after the time of the original sentencing proceeding." *Id.* at 726. Thus, in such circumstances, vindictiveness is presumed, and the trial court must affirmatively provide an objective basis for the increased sentence in the record. The rationale is that vindictiveness for the exercise of a constitutional right, or a defendant's apprehension of that motivation in the trial court, penalizes the exercise of that right and "may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction." *Id.* at 725.

¶ 13      In *Blackledge v. Perry*, 417 U.S. 21 (1974) *limited by Alabama v. Smith*, 390 U.S. 794, the United States Supreme Court, again in a case from North Carolina, expanded the presumption of vindictiveness to cases in which a prosecutor seeks conviction for a more serious charge with a significantly more severe penalty after a defendant successfully appeals and obtains a trial de novo. *Id.* at 28–29. In *Blackledge*, the defendant was convicted of misdemeanor assault in district court and sentenced to six months. *Id.* at 22. Exercising his right to a trial de novo, he filed notice of appeal to the Superior Court of North Carolina, after which the prosecutor indicted him for felony assault. *Id.* at 23. The indictment covered the same conduct for which the defendant had received the misdemeanor conviction. *Id.* The defendant entered a plea of guilty to the more serious offense and was sentenced to five to seven years. The Supreme Court held due process was violated because the indictment for a more serious offense carrying a significantly increased sentence was presumptively

vindictive, meted out in retaliation for the defendant's pursuing his statutory right to a trial de novo in the superior court. *Id.* at 28–29. The Court observed that, unlike *Pearce*, the vindictiveness was not exercised by "the judge or the jury, but the prosecution." *Id.* at 27.

¶ 14 Subsequent decisions of the Supreme Court have declined to expand the rule in *Pearce* and *Blackledge* presuming vindictiveness beyond the circumstances in those cases. *See, e.g., Alabama v. Smith*, 490 U.S. 801 (1989) (presumption inapplicable to greater sentence imposed following a jury trial after a prior guilty plea); *United States v. Goodwin*, 457 U.S. 368, 382–84 (1982) (presumption not warranted when the defendant is indicted after refusing plea deal); *see also Gilbert v. N.C. State Bar*, 363 N.C. 70, 77–78 (2009).

¶ 15 North Carolina courts have also declined to expand the presumption of vindictiveness, instead applying it only when the facts match those in *Pearce* or *Blackledge*. *Cf. State v. Bissette*, 142 N.C. App. 669, 673 (2001) (applying *Blackledge* after finding similar factual scenario); *State v. Phillips*, 38 N.C. App. 377, 379 (1978) (same); *State v. Mayes*, 31 N.C. App. 694, 696–97 (1976) (same). After *Pearce* was decided, North Carolina enacted N.C.G.S. § 15A-1335, which provides that when a conviction or sentence has been set aside on direct review or through collateral attack, the trial court may not impose a more severe sentence for the same offense "or for a different offense based on the same conduct." N.C.G.S. § 15A-1335 (2019). Thus,

*Pearce*-type judicial vindictiveness would not be established so long as the trial court complies with this prophylactic and mandatory statutory provision, which meets the constitutional requirement of due process established in *Pearce*.

¶ 16    Not every case of repeated prosecution falls under *Blackledge* and warrants the presumption of vindictiveness on the part of the prosecutor. The filing of additional charges following the defendant's exercise of a procedural right does not necessarily warrant a presumption of prosecutorial vindictiveness. *See Goodwin*, 457 U.S. at 379; *see also United States v. Johnson*, 325 F.3d 205, 211 (4th Cir.) (concluding that the filing of "more appropriate charges" on the same set of facts was not evidence of vindictiveness), *cert. denied*, 540 U.S. 897 (2003). Specifically, evidence that repeated prosecution is motivated by the desire to punish the defendant for his offenses does not, without more, suffice to warrant a presumption of vindictiveness. The Supreme Court in *Goodwin* explained:

> The imposition of punishment is the very purpose of virtually all criminal proceedings. The presence of a punitive motivation, therefore, does not provide an adequate basis for distinguishing governmental action that is fully justified as a legitimate response to perceived criminal conduct from governmental action that is an impermissible response to noncriminal, protected activity. Motives are complex and difficult to prove. As a result, in certain cases in which action detrimental to the defendant has been taken after the exercise of a legal right, the Court has found it necessary to "presume" an improper vindictive motive. Given the severity of such a presumption, however—which may operate in the absence of any proof of an improper motive and thus may block a legitimate

> response to criminal conduct—the Court has done so only
> in cases in which a reasonable likelihood of vindictiveness
> exists.

*Goodwin*, 457 U.S. at 372–73. Accordingly, a reasonable likelihood of vindictiveness is not shown (and the presumption not warranted) merely by evidence that the prosecutor sought to punish the defendant for his criminal conduct by reprosecution.

¶ 17        Here, the evidence showed that after defendant's successful appeal to the Court of Appeals in *Schalow I*, the State indicted the defendant for fourteen counts of felony child abuse and Mr. Newman stated to the media that, if this Court declined to allow the State's petition for discretionary review, he "w[ould] take additional action to see that [defendant] is held accountable for his actions." In his statements Mr. Newman specifically noted the "extreme case of brutality" demonstrated by the acts of domestic violence here. Furthermore, in his Facebook post, Mr. Newman said, "My goal is to have [defendant] receive a comparable sentence to the one originally imposed." Although the prosecution obtained additional charges, the stated purpose was to ensure defendant was punished for his criminal conduct and to obtain "a comparable sentence" to the original one—not a substantially more severe sentence in retaliation for the appeal. Thus, to the extent that the public statements of the prosecutor evidence any discernable motive to the reprosecution attributable to the State, it is to punish defendant for his crimes and not for the successful exercise of his right of appeal.

¶ 18    In determining whether the circumstances warranted a presumption of vindictive prosecution, the Court of Appeals below considered only that (1) "[t]his is the third time that District Attorney Newman has attempted to try [d]efendant for crimes based upon the same alleged conduct," and (2) that, based on its calculation, the maximum potential period of incarceration defendant could serve if he were convicted of all of the newly-indicted offenses under the present prosecution significantly exceeded the sentence he could have received under the second prosecution for attempted first-degree murder. *Schalow II*, 269 N.C. App. at 374–75. The Court of Appeals erred in its analysis.

¶ 19    First, the Court of Appeals erred in calculating the maximum term to which defendant could be sentenced for the offenses here because it failed to consider the applicability of N.C.G.S. § 15A-1335 to the hypothetical maximum sentence here. As previously noted, Section 15A-1335 was enacted specifically to prevent vindictiveness arising from repeated prosecutions under *Pearce* and its progeny. While its enactment following *Pearce* was aimed at prophylactically eliminating violations of due process resulting from *judicial* vindictiveness, the effect of the statute is to potentially preclude due process violations for *prosecutorial* vindictiveness under *Blackledge* as well. Section 15A-1335 states:

> When a conviction or sentence imposed in superior court has been set aside on direct review or collateral attack, the court may not impose a new sentence for the same offense, or for a different offense based on the same

> conduct, which is more severe than the prior sentence less
> the portion of the prior sentence previously served. This
> section shall not apply when a defendant, on direct review
> or collateral attack, succeeds in having a plea of guilty
> vacated.

N.C.G.S. § 15A-1335. Section 15A-1335 is mandatory; thus, even if a prosecutor

successfully pursues a second prosecution that would otherwise carry a substantially

more severe sentence, so long as the charges are "for the same offense, or for a

different offense based on the same conduct," the statute operates to prohibit the trial

court from imposing a sentence with a length greater than the sentence which was

set aside minus the portion of the prior sentence that the defendant had already

served. Accordingly, applying N.C.G.S. § 15A-1335, the presumption of prosecutorial

vindictiveness under *Blackledge*, which applies only where the more serious charge

"subject[ed]" the defendant "to a significantly increased potential period of

incarceration," *Blackledge*, 417 U.S. at 28, cannot be implicated because a

"significantly increased" sentence for offenses based on the same conduct is a legal

impossibility under North Carolina law. The Court of Appeals correctly noted that

the offenses charged here were "based upon the same alleged conduct" as the previous

prosecutions. *Schalow II*, 269 N.C. App. at 374. Therefore, N.C.G.S. § 15A-1335

applies and the maximum potential period of incarceration was limited to an amount

less than or equal to the maximum sentence set aside in *Schalow I* minus the time

defendant served, namely, a maximum potential sentence of 201 months minus time

served. *See Schalow I*, 251 N.C. App. at 338. The Court of Appeals erred in failing to apply Section 15A-1335 to its sentencing calculation. As a result, it further erred in holding a presumption of prosecutorial vindictiveness under *Blackledge* was shown.[3]

¶ 20    The Court of Appeals compared the potential period of incarceration under the new prosecution to the potential period of incarceration under the second prosecution. *See Schalow II*, 269 N.C. App. at 375 ("Therefore, the 'increased potential period of incarceration' [d]efendant now faces relative to what he potentially faced in the Second Prosecution is *more than 35 years of incarceration* in aggregate."). Defendant, however, argues that the most appropriate point of comparison is not between the current potential period of incarceration and the potential period of incarceration for the previous prosecution, but zero months because "[w]hen judging whether a charging decision is vindictive, the most appropriate point of comparison is the defendant's exposure immediately before and immediately after that charging decision." But this is not the rule in *Blackledge*, which was based on the rationale that a defendant "is entitled to pursue his [procedural right] without apprehension that the State will retaliate by substituting a more serious charge *for the original*

---

[3] In his brief, defendant repeatedly notes the discrepancy between the single count of attempted murder originally brought against him and the twenty charges he now faces, arguing that the number of new charges alone could also justify a presumption of prosecutorial vindictiveness. While colloquially "quantity has a quality all its own," that is not the presumption recognized in *Blackledge*. Rather, the relevant criterion is solely whether the new charge or charges subject the defendant "to a significantly increased potential period of incarceration." 417 U.S. at 28.

*one.*" *Blackledge*, 417 U.S. at 28 (emphasis added). Hence, the comparison under *Blackledge* is between the present potential criminal liability and that under the original charge or charges. Moreover, taken literally, defendant's argument would presume vindictiveness for *any* prosecution, given that deciding to charge after initially not charging, or deciding to pursue additional charges, both result in an increase in exposure compared to immediately before the charging decision.

¶ 21        Defendant next argues as an alternative basis that the Court of Appeals should be affirmed because, under the United States Supreme Court's decision in *Goodwin*, the trigger for applying the presumption of vindictiveness is "a change in the charging decision made after an initial trial is completed." *Goodwin*, 457 U.S. at 381. Defendant fundamentally misreads *Goodwin*. In *Goodwin* the Court held that due process does not necessitate the imposition of a prophylactic presumption of prosecutorial vindictiveness whenever a prosecutor brings greater charges after a defendant requests a jury trial. *Id.* at 383. In reasoning the presumption was unwarranted, the Court noted, "There is good reason to be cautious before adopting an inflexible presumption of prosecutorial vindictiveness in a pretrial setting" because

> [a]t this stage of the proceedings, the prosecutor's assessment of the proper extent of prosecution may not have crystallized. In contrast, once a trial begins—and certainly by the time a conviction has been obtained—it is much more likely that the State has discovered and assessed all of the information against an accused and has

made a determination, on the basis of that information, of the extent to which he should be prosecuted. Thus, a change in the charging decision made after an initial trial is completed is much more likely to be improperly motivated than is a pretrial decision.

*Id.* at 381. The Court in *Goodwin* was simply distinguishing the likelihood of vindictiveness undergirding decisions to change charging decisions at various stages of trial and reasoning that a presumption of vindictiveness was less warranted in decisions made before trial than after. Merely because the Court held that a presumption was not warranted in a pre-trial change in charging decision, it does not follow that it held that such a presumption was warranted for all post-trial charging decision changes. Indeed, the Court in *Goodwin* reaffirmed the long-standing principle that, "[g]iven the severity of such a presumption . . . the Court has done so only in cases in which a reasonable likelihood of vindictiveness exists." *Id.* at 373. We decline defendant's invitation to adopt his reading of *Goodwin* so as to dramatically expand the categories of cases in which a presumption of vindictiveness is warranted by. We join the Court in *Goodwin* in recognizing the harshness of such a presumption, "which may operate in the absence of any proof of an improper motive and thus may block a legitimate response to criminal conduct." *Id.*

¶ 22          Finally, although the Court of Appeals did not reach the issue of whether actual vindictiveness was shown, the State argues it was not shown and defendant argues it was. In arguing there was actual vindictiveness, defendant points to

evidence of Mr. Newman's statements to the press and to the trial court about his intention to pursue new charges if this Court denied the State's petition for discretionary review. As discussed above, the only motive these statements reflected on the part of the State was its desire to punish defendant's alleged criminal conduct. As the Court in *Goodwin* noted, "The imposition of punishment is the very purpose of virtually all criminal proceedings," and, accordingly, "does not provide an adequate basis for distinguishing governmental action that is fully justified as a legitimate response to perceived criminal conduct from governmental action that is an impermissible response to noncriminal, protected activity." *Id.* at 372–73. Indeed, a prosecutor's charging decision is presumptively lawful. *United States v. Armstrong*, 517 U.S. 456, 464 (1996). Only in rare cases may that presumption be overcome, and it has not been overcome by evidence of actual vindictiveness here. *See Goodwin*, 457 U.S. at 384 n.19; *Johnson*, 325 F.3d at 210–11.

¶ 23        We hold that by failing to consider the application of Section 15A-1335, the Court of Appeals erred in its calculation of the possible period of incarceration for the present charges when compared with the prior charge. A proper comparison of the potential sentences establishes that the *Blackledge* presumption of prosecutorial vindictiveness is not warranted. Moreover, no other presumption of prosecutorial vindictiveness is warranted and the defendant has failed to show actual vindictiveness.

**B. Joinder Violation**

The Court of Appeals next held that the trial court erred in denying defendant's motion to dismiss the charges because they should have been joined for trial with the original attempted murder charge. We disagree.

Subsection 15A-926(a) of the North Carolina General Statutes states that two or more offenses may be joined for trial when the offenses "are based on the same act or transaction or on a series of acts or transactions connected together or constituting parts of a single scheme or plan." N.C.G.S. § 15A-926 (2019). Once a defendant has been tried for one offense, the defendant's motion to dismiss a subsequent charge of a joinable offense must be granted. *Id.* § 15A-926(c)(2). The motion to dismiss must be made before the second trial and must be granted unless "a. A motion for joinder of these offenses was previously denied, or b. The court finds that the right of joinder has been waived, or c. The court finds that because the prosecutor did not have sufficient evidence to warrant trying this offense at the time of the first trial, or because of some other reason, the ends of justice would be defeated if the motion were granted." *Id.* § 15A-926(c)(2).

In *State v. Furr*, 292 N.C. 711, *cert. denied*, 434 U.S. 924 (1977), a defendant was tried for the murder of his wife, resulting in a mistrial, *id.* at 723–24, and was subsequently tried and convicted for murder and for twelve counts of solicitation, *id.* at 714. The defendant argued on appeal that the trial court erred in not dismissing

the solicitation charges for failure to join under N.C.G.S. § 15A-926 at the initial murder trial. *Id.* at 723–24. We disagreed, holding that Section 15A-926 did not apply because "[a]t the time of [the] defendant's first trial for murder . . . no indictments had yet been returned against him for solicitation." *Id.* The solicitation charges "could not, therefore, have been joined with the murder charge." *Id.* We also noted that nothing "indicated that the state held the solicitation charges in reserve pending the outcome of the murder trial as defendant suggests." *Id.*

¶ 27    In *State v. Warren*, 313 N.C. 254 (1985), the defendant was tried for murder and convicted on the lesser offense of manslaughter. *Id.* at 256. He was then tried for burglary and larceny from the home of the victim. *Id.* We restated the rule in *Furr* that Section 15A-926 does not apply when the defendant had not been indicted for the additional charges at the time of the first trial. *Id.* at 260. But we also recognized an exception to the rule in *Furr* that the subsequent offenses must be dismissed "[i]f a defendant shows that the prosecution withheld indictment on additional charges solely in order to circumvent the statutory joinder requirements." *Id.* We described two circumstances, "[a] finding of either or both" of which "would support but not compel a determination by the trial court that the prosecutor withheld the additional indictment in order to circumvent the statute": (1) "during the first trial the prosecutor was aware of substantial evidence that the defendant had committed the crimes for which he was later indicted"; and (2) "[a] showing that the State's evidence

at the second trial would be the same as the evidence presented at the first." *Id.* at 260 (emphasis omitted). We nevertheless concluded that the charges in *Warren* did not warrant dismissal, because the record showed "valid reasons" for bringing the charges later, *id.* at 263, in that the stolen property was recovered after completion of the murder trial, and the State thus had insufficient evidence of larceny at the time of the murder trial, *id.* at 261–63. Accordingly, as in the case of prosecutorial vindictiveness, in assessing a claim the prosecution withheld an indictment to circumvent the statute, the court must assess the justification offered by the State and determine if legitimate prosecutorial reasons supported the conduct.

¶ 28        Here defendant moved to dismiss arguing, *inter alia*, that the current charges for felony child abuse and various kinds of assault should have been joined with the attempted murder charge from the earlier prosecutions. He argued these offenses arose from the same act or transaction and thus warranted dismissal. At the hearing on the motion, defendant's counsel stated the motion was based on the "statutory prohibition on prosecuting joinable offenses after a defendant has already been tried for an offense that would have been joinable under [N.C.G.S. §] 15A-926," and that Section 15A-926 "makes it clear that if there is a joinable offense and the State proceeds to try in a second trial offenses that should have been joined in the first trial, . . . the court must grant a motion to dismiss." The trial court denied defendant's motion to dismiss.

¶ 29        The record reveals no evidence that defendant alleged the State originally held the additional charges in reserve, nor did he allege under *Warren* that the prosecution withheld indictment on the additional charges in order to circumvent the statute. Under *Warren* it is the defendant's burden to make such a showing, because a prosecutor's charging decision is presumptively lawful. *See Armstrong*, 517 U.S. at 464; *Warren*, 313 N.C. at 260. Because the defendant made no argument under *Warren*, the trial court did not make findings of fact regarding the prosecutor's motive in not pursuing the indictments.

¶ 30        Nevertheless, on appeal to the Court of Appeals, defendant argued the offenses were joinable and should be dismissed for failure to join under N.C.G.S. § 15A-926, and while acknowledging *Furr*'s holding that such offenses could not be charged when no indictments had been returned, also argued for the first time that the record supported the exception under *Warren*.

¶ 31        The Court of Appeals below held that the trial court erred in denying defendant's motion to dismiss, opining that defendant had "shown both *Warren* circumstances." *Schalow II*, 269 N.C. App. at 382. Although *Warren* expressly states that a showing of one or both circumstances merely "would support *but not compel* a determination by the trial court that the prosecutor withheld the additional indictment in order to circumvent the statute," *Warren*, 313 N.C. at 260 (emphasis added), the Court of Appeals went further and held for the first time that a showing

of the circumstances described in *Warren* not merely permitted but mandated

dismissal by the trial court. *Schalow II*, 269 N.C. App. at 382. Acknowledging that in

*Warren* itself this Court held that the circumstances outlined would support, but not

compel, such a determination and that it was "left with no precedent regarding what,

beyond the two *Warren* circumstances, a defendant needs to show in order to

implicate the *Warren* exception," *id.*, the Court of Appeals announced a new test for

when the *Warren* exception compels reversal of a denial of a motion to dismiss:

> [B]ecause (1) Defendant has shown that both
> *Warren* circumstances are present, (2) the State
> has had multiple previous opportunities to join the
> offenses on which it now seeks to try Defendant,
> and (3) the State has neither argued that it was
> somehow unable to try the offenses at an earlier
> time nor proffered any explanation for why the
> offenses were not tried along with the earlier
> charge, we hold that the *Warren* exception should
> apply.

*Id.* The Court of Appeals then concluded that "[d]efendant has made a showing that

should have compelled a determination by the trial court that the prosecutor withheld

the indictments here at issue in order to circumvent [N.C.G.S. § 15A-]926, and that

[d]efendant is entitled to dismissal of the new charges under [N.C.G.S. § 15A-

]926(c)(2), as well." *Id.* at 383.

The State argues the Court of Appeals erred in finding a joinder violation, and

we agree. First, defendant contended that the *Warren* exception applies to require

dismissal for failure to join when that argument is made for the first time at the Court

of Appeals. That argument was not made to the trial court; rather, defendant's motion to dismiss there was based on a violation of N.C.G.S. § 15A-926. Defendant did not cite *Warren* and, most importantly, made no allegation or argument that the prosecution withheld the subsequent indictments for the purpose of circumventing the joinder statute. Because no such showing was made by defendant to the trial court, the issue of whether the *Warren* exception applied was not passed upon by the trial court. Accordingly, under Rule of Appellate Procedure 10(a)(1), the issue was not preserved for appeal.[4] N.C. R. App. P. 10(a)(1).

¶ 33     Beyond defendant's failure to preserve the issue and the Court of Appeals' reversal of the trial court's order on a ground not argued to the trial court in the first instance, the Court of Appeals also erred by disregarding our rule in *Warren* and transforming the exception recognized there from one permitting dismissal of the subsequent charges by the trial court to one requiring it. In *Warren*, we specifically stated that showing one or both circumstances identified therein "would support *but not compel* a determination by the trial court that the prosecutor withheld the additional indictment in order to circumvent the statute." 313 N.C. at 260 (emphasis

---

[4] In *State v. Golder*, we opined that "[b]y not requiring that a defendant state the specific grounds for his or her objection, Rule 10(a)(3) provides that a defendant preserves all insufficiency of the evidence issues for appellate review simply by making a motion to dismiss the action at the proper time." *State v. Golder*, 374 N.C. 238, 246 (2020). We specifically contrasted this approach to sufficiency of the evidence under Rule 10(a)(3) with Rules 10(a)(1)–(2), which require "specific grounds" for preserving other issues. *See id.* at 245–46.

added). Accordingly, converting a showing of both *Warren* circumstances into a mandate requiring dismissal contravenes precedent of this Court.[5]

### III. Conclusion

In conclusion, we hold the Court of Appeals erred in holding a presumption of prosecutorial vindictiveness was warranted and in holding the trial court should have dismissed the charges under *Warren*, both because the issue is not preserved and, even if it were, the Court of Appeals decision contravenes our precedents. Furthermore, the State's argument the Court of Appeals in *Schalow I* erred in holding the second prosecution was barred by double jeopardy is barred by issue preclusion. Finally, the Court of Appeals declined to address the additional argument defendant made in appealing from the trial court's denial of his motion to dismiss that double jeopardy barred the present charges. *Schalow II*, 269 N.C. App. at 383. Accordingly, we reverse the decision of the Court of Appeals and remand this case to that court for consideration of defendant's double-jeopardy arguments.

REVERSED AND REMANDED.

---

[5] Likewise, the second criterion identified in the test created by the Court of Appeals—that "the State has had multiple opportunities to join the offenses"—would require overruling *Furr*, in which we determined that the State had not had an opportunity to join the offenses when, as here, an indictment for the offenses had not been returned. *Furr*, 292 N.C. at 723–24. Indeed, defendant asks us to overrule *Furr*. We are not persuaded and decline to do so.